# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **C.J. and V.J.**

**No. 21-0985** (Fayette County 21-JA-12 and 21-JA-13)


## MEMORANDUM DECISION


Petitioner Father L.J., by counsel Mark S. Plants, appeals the Circuit Court of Fayette County's November 10, 2021, order terminating his parental rights to C.J. and V.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew T. Waight, filed a response in support of the circuit court's order. The guardian ad litem, Elizabeth K. Campbell, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his improvement period and his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's brief was filed in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

[i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2020, the DHHR investigated petitioner after receiving reports that C.J., then ten years old, was not attending school. Child Protective Services ("CPS") workers and law enforcement officers obtained access to petitioner's home and observed that it was an unsafe environment due to petitioner's hoarding habits. The CPS workers observed that a hallway in the home was blocked by items piled up to the ceiling and that other rooms were unnavigable due to items stacked at least three feet high. In response to these conditions, the DHHR initiated a temporary protection plan and placed the children with their paternal grandmother for one week while petitioner cleared the home. After the week passed, CPS workers returned to the home and observed that petitioner had made some efforts to clear the home. At that time, petitioner agreed to enter into an in-home safety plan whereby the children would return to his home and a service provider would come to the home once a week to monitor petitioner's ongoing progress to clear his home.

Thereafter, both school social workers and CPS workers had difficulty seeing the children or reaching anyone at the home, despite petitioner's car being located in the driveway. The service provider was also unsuccessful in contacting petitioner at the home. After several attempts to locate the family, CPS workers learned that the children had been staying with neighbors during the safety plan. Eventually, CPS workers were able to interview petitioner at his home. During the interview, petitioner appeared to be under the influence of drugs and presented with small pupils, a recent injection site, and an inability to concentrate. The workers also reviewed petitioner's progress in the home and observed it to be in worse condition than when the safety plan was initiated, with feces on the living room floors and stacks of items reaching over five feet high. Accordingly, the DHHR filed a petition in February of 2021, raising the foregoing as allegations of abuse and neglect. The circuit court held a preliminary hearing later that month, and petitioner waived his right to contest the evidence against him. The circuit court directed petitioner to submit to a drug screen, and he tested positive for alcohol.

The circuit court held an adjudicatory hearing in March of 2021. Petitioner stipulated to abusing drugs and allowing the children to live in unsafe and unsuitable conditions. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. As part of the terms and conditions of the improvement period, petitioner was required to participate in services, submit to drug screens, attend supervised visits with the children, and "vastly improve" the conditions of his home.

The circuit court held a dispositional hearing in November of 2021. The DHHR presented the testimony of a CPS worker and petitioner. Following testimony, the circuit court found that the DHHR attempted to provide services to petitioner and that he avoided service providers, while minimally participating in his improvement period. The circuit court found that petitioner continued to have a hoarding problem and that his home remained unsafe for the children. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future

and that termination was necessary for the children's welfare. Petitioner appeals the November 10, 2021, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in revoking his improvement period and terminating his parental rights. According to petitioner, the DHHR failed to provide any services or treatment to address his "hoarding disability." Petitioner avers that, with proper treatment for his hoarding disability, he could have rectified the same and that the DHHR's failure to provide said treatment meant that petitioner did not have access to reunification services. Petitioner claims he did not have a "legitimate opportunity" to complete an improvement period and there was no discussion of the Americans with Disabilities Act ("ADA") or reasonable accommodations to help with his "apparent obsessive-compulsive disorder." Petitioner cites to West Virginia Code § 49-4-604(a)(1)[4] to support his assertion that the DHHR was required to

---

[3]The mother voluntarily relinquished her parental rights to the children. The permanency plan for the children is adoption by their foster parents.

[4]West Virginia Code § 49-4-604(a)(1) provides as follows:

Following a determination pursuant to § 49-4-602 of this code wherein the court finds a child to be abused or neglected, the department shall file with the court a copy of the child's case plan, including the permanency plan for the child. The term "case plan" means a written document that includes, where applicable, the requirements of the family case plan as provided in § 49-4-408 of this code and that also includes, at a minimum, the following:

(1) A description of the type of home or institution in which the child is to be placed, including a discussion of the appropriateness of the placement and how the agency which is responsible for the child plans to assure that the child receives

(continued . . .)

provide services, including any reasonable accommodations in accordance with the ADA, and states that his improvement period should not have been prematurely revoked. Petitioner asks this Court to vacate the circuit court's order and remand with instructions for the circuit court to order the DHHR to provide him with the critical mental health treatment he was denied.

According to West Virginia Code § 49-4-610(7),

> [u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period or has satisfied the terms of the improvement period to correct any behavior alleged in the petition or amended petition to make his or her child unsafe.

The record on appeal demonstrates that petitioner failed to fully participate in his improvement period. Contrary to petitioner's claims that the DHHR failed to provide him with services tailored to his hoarding issues, the appendix record shows that petitioner actively avoided service providers' attempts to contact him and provide him with any available services. As such, it is disingenuous for petitioner to claim that the DHHR failed to provide him with a specific service when he actively and intentionally avoided any contact with service providers. Moreover, it was petitioner's responsibility to initiate services aimed at correcting the conditions of abuse and neglect. According to West Virginia Code § 49-4-610(4)(A), when a parent is granted an improvement period "the [parent] shall be responsible for the initiation and completion of all terms of the improvement period."

To the extent petitioner argues that the circuit court erred in revoking his improvement period and terminating his parental rights without first providing him with mental health treatment and making reasonable accommodations for his hoarding issues in compliance with the ADA, we find no error. Here, petitioner failed to develop the record on this issue below and failed to demonstrate that the DHHR was required to provide him with reasonable accommodations pursuant to the ADA. Petitioner cites to no evidence that he has a disability that would qualify for accommodations under the ADA. Indeed, petitioner fails to cite to any portion of the record establishing that he has been diagnosed with obsessive-compulsive disorder. In addition, he made no request for accommodations or services and refused the services that were offered by the DHHR. Accordingly, we find that petitioner is entitled to no relief in this regard.

We likewise find no error in the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary

---

proper care and that services are provided to the parents, child, and foster or kinship parents in order to improve the conditions that made the child unsafe in the care of his or her parent(s), including any reasonable accommodations in accordance with the Americans with Disabilities Act of 1990, 42 U. S. C. § 12101 et seq., to parents with disabilities in order to allow them meaningful access to reunification and family preservation services[.]

for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

Petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on his own or with help. Petitioner actively avoided service providers and failed to complete any aspect of his improvement period. As such, at the time of the dispositional hearing, petitioner's home remained in disarray, unsafe, and uninhabitable for the children. Accordingly, there was sufficient evidence for the circuit court to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. This Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find no error in the circuit court terminating petitioner's parental rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 10, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn